CONGRESS TUCKING CO. v. ALTON DRESS & WAIST CO., Inc., et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

BILLS AND NOTES ☞523—ACTION—FAILURE OF PROOF—INDORSEMENT.

In an action to recover against defendant as the maker of a check, alleging the payee's indorsement and delivery of the check for a valuable consideration to the party who had delivered it to plaintiff, where each indorsement and delivery was denied, and the plaintiff's only evidence was that it received the check from the last indorsee, there was a failure of proof, and a judgment for plaintiff would be reversed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. ☞523.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Congress Tucking Company against the Alton Dress & Waist Company, Incorporated, and another. Judgment for plaintiff, and defendant Alton Dress & Waist Company appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Louis B. Brodsky, of New York City, for appellant.
Max Frieder, of New York City, for respondent.

PER CURIAM. This action was brought to recover the sum of $47.05 against the defendant, as maker of a check. The check was made payable to the order of H. Wolfert & Co. The fifth allegation of the complaint alleged that Wolfert indorsed the check and for a valuable consideration delivery to one Freed, and the sixth allegation in the complaint alleges delivery by Freed to the plaintiff. The answer denied the fifth paragraph of the complaint as to the indorsement and delivery of the check by Wolfert; and also the sixth as to the indorsement and delivery by Freed to the plaintiff. The only proof given upon the trial by the plaintiff was to the effect that it received the check from Freed and that Freed indorsed it. No evidence was given as to the indorsement by Herman Wolfert, the payee of the check. The plaintiff rested and moved to dismiss the com-

plaint upon that ground, which motion was denied, and defendant excepted. For this failure of proof, the judgment should be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event.